PATRICK J. LEE, Appellant, *v.* CRANFORD COMPANY, INCORPORATED, Respondent.

*Negligence — master and servant — when employee of truckman sent with a team and truck to do work for third party who is injured in performance thereof is in special employ of latter and his remedy is confined to that provided under Workmen's Compensation Law.*

*Lee* v. *Cranford Co., Inc.,* 182 App. Div. 191, affirmed.

(Argued January 24, 1921; decided March 1, 1921.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 2, 1918, which affirmed a judgment entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff was in the employ of a truckman as a driver. His employer had a contract with defendant to furnish it

from time to time with teams and drivers at a stipulated rate per day. Defendant was engaged in constructing the Flatbush Avenue subway in the borough of Brooklyn and on the day of the accident plaintiff was sent by his employer with a truck and horses to perform services for defendant under said contract. When he arrived at defendant's works he was directed by one of defendant's foremen to take his horses from his employer's truck and hitch them to one of defendant's trucks and haul it to a place indicated. While the truck was being unloaded plaintiff was injured throught the negligence of defendant's servants. The trial court and Appellate Division held that plaintiff was in the special employ of the defendant at the time of his injury and, therefore, his sole remedy is found under the Workmen's Compensation Law.

*Frank Verner Johnson* and *Matthew T. Abruzzo* for appellant.

*Joseph A. Warren* and *George A. Blauvelt* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND and MCLAUGHLIN, JJ. Dissenting: HOGAN, CRANE and ANDREWS, JJ.